UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America, Crim. No. 06-087 (PAM/SRN)

Plaintiff,

v. **ORDER**

Cecelia Ann Stanifer,

Defendant.

---

This matter is before the Court on Defendant Cecelia Ann Stanifer Viel's Notification and Motion for Modification of Restitution under 18 U.S.C. § 3664(k). On February 28, 2007, Viel was sentenced to seventy months imprisonment and three years of supervised release for conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and for possessing a counterfeit security in violation of 18 U.S.C. § 513(a). (Docket No. 375.) Viel was also ordered to pay a special assessment of $200 and to pay restitution of $693,405.70 joint and several with her codefendants. (Id.) The Court set a restitution payment schedule that, among other things, ordered restitution payments of not less than $50 per month over a period of three years commencing 30 days after release from confinement. (Docket No. 435.)

On December 17, 2019, Viel was placed in the Department of Treasury's Treasury Offset Program ("TOP") after defaulting on her monthly payment plan; since January 2020, the government has garnished 15% of Viel's social security income. (Def's Mem. (Docket No. 672) at 2.) Viel has not made a payment pursuant to her restitution payment schedule since December 16, 2019. (See id., Ex. 2.) Viel claims that her financial circumstances

materially changed when she was rendered disabled by a car accident and when her housing expenses surpassed her income. (Id. at 2.) Viel contends that both events have significantly impacted her ability to pay restitution. (Id.) Viel now asks the Court to modify her restitution payment obligations to $1 per month.

18 U.S.C. § 3664(k) allows a court to either "adjust the payment schedule" for an order of restitution, or to "require immediate payment in full, as the interests of justice require." However, Viel is no longer making payments under the Court's payment schedule and has not made a payment under the schedule for almost seven years. Thus, no payment schedule exists for the Court to modify under 18 U.S.C. § 3664(k). See United States v. Holley, No. 5:12-CR-00065-JMH-5, 2019 WL 1756258, at *2 (E.D. Ky. Apr. 19, 2019), aff'd, No. 19-5492, 2020 WL 2316052 (6th Cir. Jan. 29, 2020) (stating that a court "cannot modify or reduce a non-existent payment schedule").

Instead, when Viel failed to make restitution payments according to the payment schedule, the Department of Treasury placed her in the TOP to collect her restitution obligation as a delinquent federal debt. See United States v. Bates, No. CR 14-348, 2023 WL 1785624, at *1 n.1 (D. Minn. Feb. 6, 2023) (Tunheim, J.) (explaining that a TOP allows the government to collect "a debt owed by holding back money from a federal payment to the debtor," such as social security). The amount garnished from Viel's social security income under the TOP is not connected to the amount set by the Court's payment schedule. See 31 C.F.R. § 285.4(e)(1)(ii) (setting the amount to be garnished from social security payments for nontax debt at 15%).

18 U.S.C. § 3664(k) does not allow the Court to modify the TOP garnishment because the garnishment is not part of the Court's payment schedule. And even if the Court could grant Viel's request to modify the payment schedule, it lacks jurisdiction to modify the amount of her social security being garnished under the TOP. See United States v. Beulke, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012) ("Restitution debtors challenging [the] TOP are expected to address their concerns to the referring agency before coming to court.").

Accordingly, **IT IS HEREBY ORDERED that** the Motion for Modification of Restitution (Docket No. 672) is **DENIED**.

Dated: November 24, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge